# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA, :

                Plaintiff,                 Case No. 3:08-cr-036

                                    District Judge Walter Herbert Rice
- vs -                           :        Magistrate Judge Michael R. Merz

KEVIN R. TINCHER

                Defendant. :

# REPORT AND RECOMMENDATIONS

Defendant in this criminal case has filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Defendant pleads the following grounds for relief:

> **Ground One**: Tincher did not willfully engage in the business of dealing firearms.
>
> **Ground Two:** Defense counsel was constitutionally ineffective for failing to investigate and understand the elements of the charges against Tincher.

1

> **Ground Three:** Assistant United States Attorney vindictively sought a Superseding Indictment against Tincher for exerting his constitutionally protected rights.
>
> **Ground Four:** This Court violated Fed. R. Crim P. 11 when it failed to question Tincher about the elements of Count Six, rendering Tincher's plea involuntary.
>
> **Ground Five:** Tincher's sentence was impermissible due to a double-counting enhancement.
>
> **Ground Six:** Tincher was subject to sentencing entrapment.

(Motion, Doc. No. 74, PageID 388-394.)

## Procedural History

Mr. Tincher was indicted by the grand jury for this District on March 4, 2008, and charged in six counts: distribution of oxycodone on December 19, 2007 (Count 1), distribution of cocaine on the same date (Count 2), distribution of oxycodone on January 4, 2008 (Count 3), possessing a firearm (a Wesson .41 magnum CTG) on January 4, 2008, after having been convicted of a felony (Count 4), possessing a firearm (a Wesson .357 magnum revolver) on January 8, 2008, after having been convicted of a felony (Count 5), and willfully engaging in the business of dealing in firearms without a license in January, 2008 (Count 6).

On August 26, 2008, the grand jury returned a superseding indictment (Doc. No. 24), adding charges of attempting to possess in excess of 500 grams of cocaine (Count 7), and using and carrying a firearm during and in relation to a drug trafficking crime (Count 8); the two new charges are alleged to have occurred in February, 2007.

On February 26, 2009, Mr. Tincher entered into a Plea Agreement with the United States under which he pled guilty to Counts One, Two, Three, Five, and Six of the Superseding

Indictment (Doc. No. 47). On the same date, he pled guilty as agreed after a plea colloquy in open court (Minute Entry, Doc. No. 46). After a presentence investigation, Mr. Tincher was sentenced to 108 months imprisonment (Doc. Nos. 57, 59). He appealed and the Court of Appeals affirmed on June 13,2011. *United States v. Tincher,* Case No. 09-4189, 425 Fed. Appx. 507, 2011 U.S. App. LEXIS 12014 (copy at Doc. No. 72). The instant Motion to Vacate followed.

## Analysis

### Procedural Default

In the Motion, Mr. Tincher admits that none of Grounds for Relief was raised on appeal to the Sixth Circuit. With respect to Ground Two, the ineffective assistance of trial counsel claim, his stated reason is that a § 2255 motion is the proper place to raise such a claim. He is correct, and Ground Two will be separately analyzed below.

As to the other five Grounds for Relief, Mr. Tincher's reason for not including them in the appeal is, he says, that the claim was not discovered until after direct appeal briefing was filed. (See, e.g., PageID 388.)

A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005),

*citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993).

Mr. Tincher's Grounds One, Three, Four, Five, and Six could all have been raised on direct appeal. Each of them depends on facts which were of record at the time of appeal or could have been made of record prior to judgment. For example, Mr. Tincher's claim that he is actually innocent of willfully engaging in the firearms business without a license was available on appeal; the precedent on which he relies had already been decided before judgment was entered. The facts on which he relies for his vindictive prosecution claim were already known to him when the superseding indictment was handed down. Any omissions in the plea colloquy were of record before the appeal was taken. Finally, any error in applying the Sentencing Guidelines occurred before appeal and the facts on which he relies to show sentencing entrapment were known to him before he was sentenced.

Because all five of these claims were available on direct appeal but not raised, they are barred by procedural default. *United States v. Frady*, 456 U.S. 152 (1982). They should therefore be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Trial Counsel**

As Mr. Tincher notes, a claim of ineffective assistance of trial counsel is properly raised for the first time in a motion to vacate under § 2255. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Tincher asserts generally that his counsel did not understand the elements of the

charges against him. In the body of his supporting Memorandum, however, he makes clear that it is the willfulness element of Count 6 of the Indictment which he claims his attorney did not understand and advise him of (Motion, Doc. No. 74-1, PageID 415-418). Had he known that it was not unlawful to sell the sole firearm he had in his personal collection, he would not have pleaded guilty to that Count. *Id*. at PageID 418.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The first difficulty with Mr. Tincher's argument is that he presents no evidence that his counsel was unaware of the elements of the firearms dealing charge. The willfulness requirement is charged in the Indictment and Superseding Indictment (See PageID 38, 97). Mr. Tincher's actual innocence theory on Ground One hinges in substantial part on his claim that the first weapon he sold was the only weapon he owned and he sold it because he knew that, as a convicted felon, he was not permitted to own a firearm. But that claim flies in the face of the admissions he made in the Statement of Facts that he sold two more firearms to Agent Godsave on January 4, 2008 (Plea Agreement, Doc. No. 47, PageID 172). His claim in his Motion is that these were in fact guns owned by a confidential informant which Tincher was storing for the CI and which Tincher brought out of hiding so that the CI could sell them to Agent Godsave. However, in the Plea Agreement Statement, he admitted that he made the sale. One does not sell what one does not own. Thus Tincher's admission at the time of the plea, an admission he made under oath, undercuts his present claim that he did not make the sale. (The reports which Tincher himself attaches to the § 2255 Motion give considerably more detail which support the conclusion it was Tincher who made the sale, e.g. haggling over price.)

Because a conversation between Tincher and his counsel about willfulness could only have impacted Tincher's theory of innocence as to the first sale and Tincher admitted making

another sale, he cannot establish prejudice from his attorney's lack of advice on the willfulness element. Ground Two is therefore without merit and should be dismissed with prejudice.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Mr. Tincher should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 2, 2012.

               s/ *Michael R. Merz*
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).